

**Decided February 15, 1980**

IN THE DISTRICT COURT
FOR THE
NORTHERN MARIANA ISLANDS

RITA T. PALACIOS,                )    CIVIL ACTION NO. 78-49
                                 )
            Plaintiff,           )
                                 )
        vs.                      )    FINDINGS OF FACT AND
                                 )    CONCLUSIONS OF LAW
THOMASA T. COLEMAN and           )
MARY LEE P. AQUINO,              )
                                 )
            Defendants.          )
_____)

The above entitled cause came on regularly for trial on
December 10, 1979, before this Court sitting without a jury,
and the Court having heard the testimony and examined the proofs
offered by the respective parties and the cause having been
submitted to the Court for decision, the Court being fully
advised in the premises now makes findings of fact as follows:

1.  Jose Fausto Palacios died on or about August 21, 1963
leaving surviving him his widow, the plaintiff in this case,
and the following children:  Francisco T. Palacios, Nicolas T.
Palacios, Teodora P. Camacho, Estefania P. Scruggs, Angel T.
Palacios, Thomasa T. Coleman and Mary Lee P. Aquino.  The latter
two children are the defendants in this case.

2.  Pursuant to a decision in the High Court of the Trust
Territory in Civil Action 224-76, and affirmed on appeal, the
children of the late Jose Fausto Palacios were declared to be
his heirs.  In said decision, the Trial Court found that "during
the period for which war claims damage was paid, Jose Fausto
Palacios was the owner of the lands in question and all his
seven children should share in said proceeds equally."

35

3. Jose Fausto Palacios acquired the lands referred to above prior to his marriage to the plaintiff.

4. The status of the plaintiff as to the rights, if any, that she may have had as widow in and to the property of her deceased husband -- both as to the land and the war claims damage awarded -- was not determined and remains unresolved.

5. The Trust Territory of the Pacific Islands and the Government of the Northern Mariana Islands have not adopted any laws regarding the descent of property within the Northern Mariana Islands.

6. Plaintiff and defendant offered expert witnesses to testify on Chamorro custom. While the testimony from some of these witnesses was self-contradictory, nevertheless, by culling out the personal bias of those who expressed sympathy to widows in general and by considering the experience, candor and expertise of all these witnesses, the Court does find from the evidence, clearly and convincingly, that:

A. Where a man owning property marries and subsequently dies leaving as survivors a widow and children, the property descends in equal shares to his children.

B. Where children and a widow survive the decedent, there is a corresponding custom which requires the children to support their mother during her lifetime. (How this custom is enforced does not fall within the ambit of the issues raised in this case).

CONCLUSIONS OF LAW

1. Section 102, 1 Trust Territory Code, states that "the customs of the inhabitants of the Trust Territory not in conflict with the laws of the Trust Territory shall be preserved. The recognized customary law of the various parts of the Trust Territory shall have the full force and effect of law so far as customary law is not in conflict with the laws mentioned in section 101 of this chapter."

2. Section 505 of the Covenant to Establish a Commonwealth of the Northern Mariana Islands in Political Union with the United States, states: "The laws of the Trust Territory of the Pacific Islands, of the Marianas District and its local municipalities, and all other Executive and orders of a local nature applicable to the Northern Mariana Islands on the effective date of this section and not inconsistent with this Covenant or with those provisions of the Constitution, treaties or laws of the United States applicable to the Northern Mariana Islands will remain in force and effect until and unless altered by the government of the Northern Mariana Islands."

3. The Trust Territory Code and the Government of the Northern Mariana Islands have not adopted any laws regarding the descent of property within the Northern Mariana Islands.

4. It is the law, by custom of the Chamorros in the Northern Mariana Islands, that where a man owning property marries and subsequently dies leaving as survivors a widow and children, the property descends in equal shares to his children. That custom is law by virtue of 1 TTC 102 and section 505 of the Covenant. It is the law applicable to the facts of this case.

5. Plaintiff is not entitled to any part of the moneys awarded by the War Claims Commission for damages to the lands owned by Jose Fausto Palacios.

Judgment in favor of the defendants and against the plaintiff will be entered accordingly.

DATED: Saipan, Northern Mariana Islands this ___15th___ day
    of FEBRUARY, 1980.

_____
Judge of the above-entitled Court